## CURTIS et al. v. FIRST NAT. BANK OF FT. WORTH.

(Court of Civil Appeals of Texas. Ft. Worth. May 13, 1911.)

1. BANKS AND BANKING (§ 58*)—INDIVIDUAL LIABILITY—INSTRUCTIONS.

In an action against individuals who conducted a bank on an indebtedness arising from transactions with the bank, an instruction that if defendants operated a bank themselves or through officers or agents, and they or their officers or agents, in the usual course of banking business, drew drafts against plaintiff bank, and plaintiff paid the amounts thereof, etc., defendants would be liable, was not objectionable as authorizing recovery upon the theory of a partnership among defendants.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 58.*]

2. BANKS AND BANKING (§ 57*)—LIABILITY OF OPERATORS.

A secret agreement among defendants that they would take over a bank from another whose sureties they were upon his giving a note signed by certain persons does not affect defendant's liability to plaintiff, if, notwithstanding such agreement, they took charge of and operated the bank and incurred the liability sued on.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 57.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL—MATTER COVERED.

An instruction on a point fully covered by instructions given is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. PARTIES (§ 51*)—BRINGING IN NEW PARTIES.

In an action on debt, demurrers were properly sustained to pleadings by defendant seeking to bring in another party and to recover judgment over against him, where the two causes of action were different.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 77–82; Dec. Dig. § 51.*]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by the First National Bank of Ft. Worth against Z. A. Curtis and others. Judgment for plaintiff, and defendants appeal. Affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Madden, Trulove & Kimbrough, W. W. Moore, Stephens & Miller, Webb & Joiner, and Cooper & Stanford, for appellants. I. A. Wynn, C. C. Fredricks, R. F. Hall, and Gustavus, Bowman & Jackson, for appellee.

SPEER, J. The First National Bank of Ft. Worth instituted this action to recover from J. W. Persohn, C. E. Oakes, Wm. Powell, E. S. Collins, E. C. Throckmorton, R. O. Neely, J. C. O'Bryan, C. J. Burns, J. E. McAlister, R. L. Queen, T. D. Webb, S. S. Allen, Z. A. Curtis, J. S. Perkins, Ed Bound, and Nannie T. Stringfellow, the last named being the independent executrix and sole devisee of R. L. Stringfellow, deceased, alleging that the defendants named, except Nannie T. Stringfellow, constituted a partnership doing business under the style and in the name of the Bank of Channing, and as such became indebted to plaintiff upon certain banking transactions with it for which it sought and obtained judgment. The defendants have appealed.

Appellants have made a very full statement of the pleadings and evidence, and have presented numerous assignments, but we find it unnecessary to discuss all of these, since they may be easily grouped under some two or three contentions made by them.

Assignments 1, 2, 3, and 13 question the sufficiency of the evidence to raise the issue, or support the judgment on that issue, of such partnership among appellants as to render them liable to appellee. Our conclusion upon this issue is that the evidence abundantly shows, whatever the intention and agreements of the appellants amongst themselves, that they did actually engage in the business of operating the Bank of Channing in such way as to make them in law partners and liable as such to appellee's demands, which are shown indisputably to have arisen in the regular course of a banking business between the two banks.

[1] The objection urged to paragraph 2 of the court's charge to the effect that there is no evidence of appellants' having held themselves out as partners, and that, therefore, the charge should not have submitted as a ground of liability their having done so is answered by the fact that the charge does not authorize a recovery upon any such theory. It follows: "You are instructed that if you believe from the evidence in this case that the defendants * * * took charge of and carried on and operated said Bank of Channing, either by themselves, or through their officers or agents, and they, or their officers or agents, in the conduct of the business of said bank and in the usual course of banking business, drew the drafts or bills of exchange to and against plaintiff bank, offered in evidence before you, as alleged in its second amended petition, and that plaintiff paid the sums as therein alleged, and if you further believe from the evidence that said Bank of Channing, during said time, received said items sent for collection, and collected the same and never remitted to or accounted to plaintiff for same, as alleged in said petition, then all said defendants, including defendant Nannie T. Stringfellow, would be liable therefor," etc. The charge plainly makes the liability of appellants to depend upon their having actually operated the Bank of Channing.

The real defense is exhibited in appellants' requested charge No. 1, which is as follows: "Plaintiff sues defendants for a balance alleged to be due to it from the alleged Bank of Channing, alleging that the Bank of Channing was at the time of the alleged contracting of the indebtedness claimed a partnership composed of defendants originally sued and then doing a banking business under the firm name and style of the 'Bank of Channing.' In order to recover as against the defendants Z. A. Curtis, J. S. Perkins, S. S. Allen, J. E. McAlister, R. L. Queen, R. O. Neely, Wm. Powell, Ed Bound, J. C. O'Bryan, C. J. Burns, E. S. Collins, and T. D. Webb, the burden is upon plaintiff to prove the existence of such partnership as alleged; and unless plaintiff has so proven such partnership, as alleged, you will find for each of said defendants not shown by the testimony to have been partners as alleged. In this connection you are further charged that, in order to have constituted or formed such partnership, there must have been a lawful and valid agreement to enter into a partnership to do a banking business for profit, or for some purpose to the mutual benefit of these to engage in such enterprise, and a mere understanding or agreement between defendants that they would, at some future time upon the happening of some future or contingent event, forming a condition precedent to such partnership undertaking (if there was such an agreement to become effective in the future or upon conditions), will not of itself, without the happening of such contingency or condition precedent, constitute a partnership, or render said defendants liable as partners." The court submitted the issue thus sought to be presented in the following language: "You are instructed, further, that if at the meeting of defendants on or about the 2d day of December, 1907, it was agreed by defendants that Throckmorton should go with Vaden to Grayson county and secure the signature of Vaden's father to said note with such other security as Throckmorton should regard as sufficient, and Throckmorton went to Grayson county with Vaden, and came back and reported to or told defendants that said note had been signed by Vaden's father, and Vaden had it to get one of the Bivens to sign it, and it would be forthcoming in a few days, and defendants acted upon this, and organized the bank by electing directors and officers, or by electing directors, who, in

turn, elected officers, and that defendants permitted said officers to carry on and operate said bank and the indebtedness herein sued upon was created by said officers in the conduct of said bank in the usual course of a banking business, then the defendants, including Nannie T. Stringfellow, would be liable for the indebtedness herein sued upon."

[2] The evidence not only called for the charge given by the court, but to our minds is so nearly undisputed as that it would have authorized a summary instruction to find for the plaintiff. It cannot be true that the secret agreement or understanding among the defendants that they would take over the bank from Vaden, whose sureties they were, upon his presenting them with a $12,000 note signed by certain named persons, could avoid liability to appellee when notwithstanding such tentative plan and agreement they nevertheless did take charge of and operate the bank and incurred the liability herein sued on. The evidence did not call for the giving of the special charge No. 1 above quoted, and the jury could not have found such a state of facts. Several other requested charges embraced the same contention, and all were properly overruled.

[3] Special charge No. 7 upon the burden of proof and directing a verdict for each of the defendants not shown to be a partner was properly refused because the main charge fully covered that feature of the case.

[4] Appellee's demurrers to appellants' pleadings seeking to make F. S. Vaden a party and to recover judgment over against him were properly sustained. The two causes of action were entirely dissimilar, and the rights of appellee could not be prejudiced or its suit cumbered by the confusion and delay incident to joining the actions.

There is no error in the judgment, and it is affirmed.